

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mrs. B. B. Sapp
Director & Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Madam:

Opinion No. O-7155
Re: Construction of H. B. 602,
Acts 1943, 48th Leg. R. S.,
with reference to whether
permanently retired teachers
may teach intermittently dur-
ing the war emergency and
related matter

Your request for opinion has been received and care-
fully considered by this department. We quote from your request
as follows:

"House Bill No. 602 made it possible for
teachers who retired on or before August 31,
1942, to return to the teaching profession
during the present world conflict and for a period
of twelve months thereafter. Please instruct me
how to apply this law. Is the present world
conflict over or will that date be determined
later.

"If you do consider the world conflict over,
will you give me a date to use in determining
how long the retired teachers who retired prior
to August 31, 1942 may remain in the teaching
profession?"

"In House Bill 602 teachers who had accepted
retirement annuity on and prior to August 31st
were given the privilege of returning to the

Mrs. B. B. Sapp  - page 2

teaching profession during the World War conflict, commonly known as World War II, and for twelve months thereafter. Annuity payments were to be suspended during the time that the said member was engaged in teaching, but when the said member again accepted retirement annuity, said annuity was to be the same as that established on or before August 31, 1942.

"This office has interpreted the law to mean that a teacher who accepted retirement annuity on or before August 31, 1942 could return to the teaching profession but when they again asked for their retirement annuity, they would from that date on be considered as teachers who had actually retired after August 31, 1942.

"We now have a case of Ada A. Harding who retired prior to August 31, 1942 and returned to the teaching profession August 31, 1944. She again retired May 31, 1945 and her retirement annuity was paid to her. She has now again re-entered the teaching profession January 1, 1946 and asked that we again suspend her annuity payments.

"Can a teacher go in and out of the teaching profession during the period prescribed, or are they considered permanently retired when they ask for their annuity the second time?"

Section 3, H. B. 602, Acts 1943, 48th Legislature of Texas, R. S., reads as follows:

"Sec. 3. That Subsection 1 of Section 5 of Senate Bill No. 47, Acts of the Forty-fifth Legislature, Regular Session, as amended by House Bill No. 1016, Acts of the Forty-seventh Legislature, Regular Session, be and the same is hereby amended so as to hereafter read as follows:

"1. Service Retirement Benefits.

"Any member may retire upon written application to the State Board of Trustees. Retirement shall be effective as of the end of the school year then current, provided that the said member at the time so

Mrs. B. B. Sapp - Page 3

specified for his retirement shall have attained the age of sixty (60) years and shall have completed twenty (20) or more years of creditable service, and provided further that no retirement shall be effective prior to August 31, 1941. Any member in service who has attained the age of seventy (70) years shall be retired forthwith, provided that with the approval of his employer he may remain in service. Any member who has accepted service retirement shall be ineligible and disqualified to resume and/or continue teaching in the public schools of Texas, and also shall be ineligible and disqualified to be otherwise employed as a teacher under this Act; provided, however, that during the present world conflict, commonly called 'World War II,' and for a period of twelve (12) months thereafter, a retired member who retired August 31, 1942, and prior thereto (and only such retired members), shall not be ineligible and disqualified as above stated but may be employed as a teacher under the terms of this Act; provided, however, that during said time that a retired member is so employed, retirement benefit payments that would otherwise have been paid to said member shall be suspended and shall be resumed again when said member leaves said employment permanently; provided further that during the time that said retired teacher member is employed as a teacher, as above specified and limited, no retirement deductions shall be made from his salary, and the retirement benefits that are paid to said retired member after the benefits are again resumed shall be in the same amount as were paid on the original retirement; provided that if a retired member returns to teaching as above outlined, during the time he is so teaching, both the membership annuity payment and the prior service annuity payment, to which said retired member would have been entitled if he had not so returned to teaching, shall be transferred to the State Membership Accumulation Fund; provided further that if a retired member who elected to receive an annuity in a guaranteed payment for a certain number of years after retirement returns to teaching as above specified, the time so spent teaching by such retired member after the initial or original retirement shall count as time within said certain number of years the same as if said retired member had not returned to teaching; provided further that any retired member who accepts employment as a teacher, except in the present world conflict and for twelve (12) months

Mrs. B. B. Sapp - Page 4

> thereafter, as above specified, shall forfeit all
> rights as a Retired teacher and any and all claims
> to any retirement benefits under this Act; provided
> further that every retired member is charged with
> the knowledge of all these provisions and by re-
> turning to teaching shall be deemed to have accepted
> the same."

It is our opinion that the present war has not yet legally concluded and cannot be considered as concluded in the legal sense even though actual hostilities are at an end. It is our further opinion that the present war will not be officially and legally concluded until the Congress of the United States, or the President by authority of Congress, formally proclaims the termination or conclusion thereof. See Opinion No. 0-6747 of this department, a copy of which is enclosed for your information.

In answer to your first question, it is our opinion that the retired teachers inquired about may remain in the teaching profession until the present war is legally concluded as outlined in the paragraph next above, and for 12 months thereafter, as provided in Section 3 of H. B. 602, supra.

With reference to your second question, it is clear that under the facts stated the teacher in question was already "permanently retired" prior to August 31, 1942, and it was only through H. B. 602, supra, that she was entitled, as an exception to the general Teachers Retirement Law to teach during World War II and 12 months thereafter. It is our opinion that the dominant purpose of the above exception in H. B. 602, supra, was to allow permanently retired teachers to again enter the teaching profession during the war period (and 12 months thereafter) in order to relieve the teacher shortage in our public schools.

Answering your second question, it is therefore our opinion that the retired teachers in question can go in and out of the teaching profession, at their option, until the present war is officially and legally concluded, and 12 months thereafter, and that such teachers do not forfeit the right to teach during such period merely because they have been paid retirement annuities during a period of time in which such teachers were not teaching as outlined in your letter. It seems clear to us that the Legislature contemplated that during the war emergency that permanently retired teachers should be allowed to teach at such times as they would be needed to relieve the teacher shortage and the Legislature did not intend

Mrs. B. B. Sapp - Page 5

to bar such teachers from teaching intermittently during such period if they were not employed continuously as teachers during the period.  In other words, we think such retired teachers are entitled to teach during all or any part or parts of such war period and 12 months thereafter, as long as there is a demand for their services.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 26 1946

ATTORNEY GENERAL OF TEXAS

By    Wm. J. Fanning
Assistant

WJF:ET